IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RAYMOND EUGENE JOHNSON,** } | |
| } | |
| Petitioner, } | |
| } | |
| v. } | Case No.: 2:14-cv-8005-RDP |
| } | Criminal No.: 2:07-cr-483-RDP-JEO |
| **UNITED STATES OF AMERICA,** } | |
| } | |
| Respondent. } | |

**MEMORANDUM OPINION**

The court has before it Raymond Eugene Johnson's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #1), filed on January 27, 2014. Pursuant to the court's orders of February 6, 2014 (Doc. #2) and March 6, 2014 (Doc. #4), the United States Government filed a Response (Doc. #5) to Johnson's Section 2255 Motion on March 24, 2014. In its response, the Government seeks to have the Motion to Vacate (Doc. #1) dismissed in its entirety.

Petitioner filed an Answer to the Government's Response to his Petition (Doc. #8) on April 11, 2014. With leave of the court, Petitioner filed a Supplement Answer to Government's Response (Doc. #11) on May 1, 2014.

Petitioner Johnson's Motion to Vacate (Doc. #1) seeks relief on the ground that the sentence was imposed in violation of the Supreme Court's recent decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). (Doc. #1 at 3).

**I.      Background**

On November 27, 2007, a federal grand jury returned a single count indictment against Raymond Johnson, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*See* Doc. #1 in Case No.: 2:07-cr-483-RDP-JEO). The charges were based on

Petitioner's 1991, 1992, 1998, 2004, and 2005 state court convictions.  (*See id.*).  Petitioner was charged with possession of a Ruger .22 caliber pistol.  (*See id.*).

On January 18, 2008 Johnson entered a "blind" plea to the single count indictment.  (Doc. #5 in Case No.: 2:07-cr-483-RDP-JEO).  On May 13, 2008, the court sentenced Johnson to a custodial term of 192 months to run partially concurrent to all State parole revocation sentences Johnson was then serving.  (Doc. #9 in Case No.: 2:07-cr-483-RDP-JEO).  Johnson did not pursue a direct appeal.  (*See generally* Case No.: 2:07-cr-483-RDP-JEO).

On July 29, 2013, Johnson was transferred into the custody of the Bureau of Prisons to commence service of the remainder of his federal sentence.  (Doc. #13 in Case No. 2:07-cr-483-RDP-JEO).  He is presently incarcerated at USP McCreary, Pine Knot, Kentucky with a projected release date of April 21, 2023.  (Doc. #5 at 2).

**II.     Discussion**

A federal prisoner may file a motion to vacate his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without personal jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255, ¶ 1.  It is well settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  *United States v. Frady*, 456 U.S. 152, 166 (1982).  Here, Petitioner seeks relief on the ground that the sentence was imposed in violation of the Supreme Court's recent decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013).  (Doc. #1 at 3).  However, Johnson's Motion (Doc. #1) is due to be denied because it is untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing a § 2255 motion. 28 U.S.C. § 2255(f). The one year limitation period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4). Because Johnson's claim is legal in nature, subsection (4) does not apply.

As to the first event to start the running of the statute of limitations, Johnson is woefully late. He pled guilty to the offense on January 18, 2008 and was sentenced on May 13, 2008. Judgment was entered that same day. (Doc. #9 in Case No. 2:07-cr-483-RDP-JEO). Because he did not pursue a direct appeal, Johnson's conviction became final 14 days thereafter in accordance with *Atkins v. United States*, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000) (noting that a conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted). The conviction was final on May 27, 2008. Under § 2255(f)(1), Johnson had until May 27, 2009 to file a motion to vacate. He did not do so until January 23, 2014 — more than four and a half years too late.

Similarly, contrary to his arguments, Johnson's motion is untimely under the second possible event to start the running of the statute of limitations. (*See* Doc. #1 at 3-5) ("Johnson states that because of his confinement in a state prison he was not able to raise his claim in an effective and

3

adequate manner, he was blocked from research that Federally confined inmates are afforded the opportunity."). Petitioner argues that "the Alabama prison system does not have any access to the Federal laws and there is no access to computers providing Federal case law as is the standard which the Bureau of Prisons provides to all of its inmates once they enter into the Federal prison system." (Doc. #1 at 2-3). However, Petitioner's own affidavits attest to the fact that the State prison did indeed have computers set up to research federal law. The State's contracts with West Publishing provide for prison access to, *inter alia*, the Federal Court Rules, Supreme Court decisions, Appeals Court decisions, the Federal Criminal Code and Rules, and Post Conviction Remedies or Habeas Corpus Checklist. (Doc. #5 at 7-8). Thus, Petitioner had the means by which to perform his legal research and could have researched his motion in a timely fashion had he been so inclined. Because he failed to do so, Petitioner can not rely on the § 2255(f)(2) limitation provision to avoid being time barred because the government did not impede him from filing the habeas motion within the statutorily prescribed period.

      Finally, Johnson's motion is untimely under the third provision of § 2255(f), which excuses the one year time period if a right has been newly recognized by the Supreme Court and made retoractively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3). The case cited by Petitioner for this contention, *Descamps v. United States*, 133 S. Ct. 2276 (2013), is not, however, a newly recognized right. It merely applies an existing principle and precedent to the facts and circumstances of the *Descamps* case. Moreover, the Supreme Court did not make the rule announced in *Descamps* retroactive to cases on collateral review, and therefore § 2255(f)(3) is not applicable to Petitioner's case, in any event. *See Miles v. United States*, 2014 WL 3747776 at *2 (M.D. Fla. July 29, 2014); *see also Gray v. United States*, 2014 WL 3749662 at *2 (N.D. Ga. July

28, 2014); *Daniels v. United States*, 2014 WL 3571580 at *2 (S.D. Ala. July 21, 2014) ("The Supreme Court in *Descamps*, a direct review case, gave no indication that its decision applies retroactively on collateral review."); *Roscoe v. United States*, 2013 WL 5636686 at *11 (N.D. Ala. Oct. 16, 2013) ("The Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, nor has the court found any cases applying *Descamps* retroactively to cases on collateral review.  Therefore, the court refuses to do so here.").

**III.     Conclusion**

Because Petitioner failed to timely file, the Motion to Vacate, Set Aside, or Correct Sentence (Doc. #1) is due to be denied.

A separate order will be entered dismissing this case in its entirety.

**DONE** and **ORDERED** this      4th       day of September, 2014.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE